Jesse Osmond and Lowndes W. Walthour, plaintiffs in error, vs. George W. Flournoy, defendant in error.

An action of trespass *quare clausum fregit* must be brought in the county where the defendant resides, though the land, the subject of the injury, lies in a different county.

Trespass. In Wayne Superior Court. Motion to dismiss declaration. Decided by Judge Sessions. April Term, 1860.

This was an action of trespass *quare clausum fregit*, brought by the defendant in error against the plaintiffs in error, in Wayne Superior Court.

The trespass alleged was the entry with force and arms upon certain premises in Wayne county, treading down the grass, and felling, carrying away, and converting, pine trees and other timber of great value.

The declaration described the defendant Osmond, as of the county of Chatham in this State, and the defendant Walthour, as of the county of Liberty in this State.

At the appearance term, the defendants moved to dismiss the declaration, on the ground that it contained the allegation that the defendants resided out of the county of Wayne.

The Court overruled the motion, and this is complained of as error.

NORWOOD, WILSON & LESTER, for plaintiffs in error.

GARDNER, for defendant.

WALKER, J.

At common law, the action of trespass *quare clausum fregit* was local; *Doulson vs. Mathews*, 4 *T. R.* 503; 1 *Ch. Pl.* 268; 2 *Saun., Pl. and Ev.* 855; but under our Constitution it is different.

The Constitution provides that " all civil cases shall be tried in the county wherein the defendant resides." Trespass *quare clausum fregit* is a " civil case," and therefore shall be tried in the county of defendant's residence. Mr. Archbold, 2 vol. N. P. 405, says, " the action of trespass is the civil remedy the law gives for all injuries, with force, committed by one person against the property, real or personal, or the person of another." Trespass is a civil remedy for the injury committed; and the recovery is so much money, as damages; it is not a suit " respecting titles to land." It may be true, and sometimes is so, that a recovery may depend upon whether the plaintiff can show a title to the land upon which the alleged trespass may have been committed, but the action is not brought to try titles, in Georgia. Different proceedings are instituted for that purpose. We think the Court erred in sustaining this action, and reverse that judgment.

Judgment reversed.